STATE OF NORTH CAROLINA ON RELATION OF GEORGE JOHN-
NIE WILLIAMS, JR., Administrator of GEORGE JOHNNIE
WILLIAMS, Deceased v. W. I. ADAMS, L. R. COBB, GEORGE
PEELE, C. BOLTINHOUSE and FIDELITY AND DEPOSIT COM-
PANY OF MARYLAND, INC.

No. 758SC118

(Filed 16 April 1975)

Public Officers § 9; Sheriff and Constables— neglect of prisoner by sheriff
— statute of limitations

   An action against a sheriff for neglect of plaintiff's intestate
while he was in jail in the sheriff's custody is an action against a
public officer for a trespass under color of his office and must be
instituted within one year after the cause of action accrues. G.S.
1-54(1).

APPEAL by plaintiff from Snepp, Judge. Judgment entered
18 November 1974 in Superior Court, WAYNE County. Heard in
the Court of Appeals 11 April 1975.

Turner and Harrison, by Fred W. Harrison, for plaintiff
appellant.

Smith, Anderson, Blount & Mitchell, by John H. Anderson,
for defendant appellees.

VAUGHN, Judge.

The complaint alleges tortious neglect of plaintiff's intes-
tate while he was in jail in defendant Sheriff's custody.

G.S. 1-54(1) requires that actions against a public officer
for a trespass under color of his office be started within one year
after the cause of action accrues.

A sheriff is a public officer and negligence in the perform-
ance of his duties as custodian of one confined in the county jail
is a trespass under color of his office. It appears on the face of
the complaint that this suit was started more than one year after
the cause of action accrued. It was, therefore, proper to grant
defendants' motion for judgment on the pleading because the
claim was barred by G.S. 1-54(1), the applicable statute of limi-
tation.

Affirmed.

Judges PARKER and CLARK concur.